**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| KAOH Media Enterprises, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | Div. |
| | ) | |
| OLIVIA ROSING, | ) | |
| | ) | |
| Serve at:  5321 Chestnut Street | ) | |
| New Orleans, LA 70115 | ) | |
| **HOLD FOR SERVICE** | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW Plaintiff KAOH Media Enterprises LLC ("Plaintiff" or "KAOH"), by and through its undersigned counsel, and for its Petition against Olivia Rosing ("Ms. Rosing" or "Defendant") states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. KAOH (pronounced Kay-oh or 'K.O.') is a data-driven integrated marketing and communications firm. It is in the business of providing public relations, public affairs, marketing, advertising, communications, and competitive intelligence services. It drives sensible narratives for clean energy and sustainable infrastructure projects.

2. KAOH is a Missouri Limited Liability Company with a principal business address at 533 Palisades Rd., Wildwood, Missouri.

3. Ms. Rosing is an individual and, upon information and belief, resides at 5321 Chestnut Street, New Orleans, Louisiana 70115.

1

4.  Ms. Rosing worked for KAOH pursuant to a written independent contractor agreement dated June 1, 2020.

5.  A copy of that agreement (the "Contract") executed by both KAOH and Ms. Rosing is attached and identified as Exhibit A.

6.  The Contract states, in part, "[t]his contract will be governed by and construed in accordance with the laws of the State of Missouri and subject to the jurisdiction of the courts therein."

7.  Ms. Rosing, has therefore, consented to jurisdiction in the state of Missouri.

8.  Additionally, jurisdiction is appropriate in Missouri because Ms. Rosing made a contract in Missouri, engaged in business with an entity located in Missouri, and performance of the contractual obligations at issue in this lawsuit (the return of certain property owned by KAOH) were to take place in Missouri.

9.  Venue is proper pursuant to RSMo. Section 508.010.2(4) because there is no count alleging a tort and Ms. Rosing is not a resident of Missouri.

10. The amount in controversy in this action is more than $25,000 but less than $75,000.

**ALLEGATIONS COMMON TO ALL COUNTS**

11. KAOH hired Ms. Rosing as an independent contractor to perform certain marketing projects.

12. Ms. Rosing received a set monthly compensation of $5,000 in addition to other sums.

13. Ms. Rosing missed numerous deadlines on her projects, was non-responsive, and disappeared for periods of time.

14. Despite her actions and her failure to complete assignments which she had agreed to complete, KAOH still paid her per the Agreement.

15. Ms. Rosing was paid $69,700 in 2021.

16. Ms. Rosing worked fewer than 40 hours per week during each week she worked for KAOH.

17. Under Section 12 of the Contract as well as the applicable common law, KAOH is the owner of the work product Ms. Rosing produced under the Agreement.

18. Since her termination, KAOH has made numerous requests for Ms. Rosing to upload her final work product to KAOH's cloud storage. She has refused to do so.

19. Ms. Rosing failed to return KAOH's digital assets as requested.

20. Ms. Rosing failed to return the art files of KAOH, which are its property, although repeatedly requested to do so.

21. Ms. Rosing's failure to abide by her Agreement has damaged KAOH.

22. Section 13.6 entitles KAOH to its attorneys' fees for enforcing these straightforward provisions of the Agreement.

## COUNT I – BREACH OF CONTRACT

23. KAOH adopts and incorporates paragraphs 1 – 22 as if fully set forth herein.

24. The Contract contains the following provisions:

> **11. TERMINATION**. Upon termination of this Agreement, Agent [Ms. Rosing] will…immediately transfer to Company [KAOH] all of Agents' right, title and interest in and to completed and uncompleted Services, books, papers, records, emails, plans, specifications, drawings, surveys, databases, schedules, username/password credentials, and all other items produced in connection with the performance of the Services by Agent…
>
> **12. OWNERSHIP OF WORK PRODUCT**. All Work Products, as defined below, produced by Agent hereunder shall be considered work(s) for hire for Company and shall belong exclusively to Company. If by operation of law any Work Product, including all related intellectual property rights, is not owned in its entirety by Company automatically upon creation thereof, then Agent agrees to assign, and hereby assigns, the Work Product exclusively to Company or its nominee, and such Work Product shall become automatically the

3

> sole property of Company or its nominee. This assignment of Work Product applies to all Work Product whatsoever, with the exception of work developed entirely on Agent's own time, unless (i) the Work Product relates directly to the business of Company or to Company's actual or demonstrably anticipated research or development; (ii) herein, the term "**Work Product**" shall mean all work performed by Agent for Company including, but not limited to data, documentation, processes, strategies, tactics, designs, writings, websites, emails, social media, software and information developed by Agent pursuant to this Agreement. No Work Product produced by Agent under this Agreement shall infringe the copyrights and any other rights of any third party under the intellectual property laws of the United States, any state, or any foreign country.
>
> * * *
>
> **13.6 Governing Law. . .** In the event Company is required to enforce or preserve its rights, hereunder, Agent shall pay all of Company's reasonable attorney's fees and costs incurred in connection with such successful action.

25. Ms. Rosing created "work product," as that term is used by the Contract, for KAOH that has not been returned to KAOH.

26. KAOH terminated Ms. Rosing on or about June 30, 2022.

27. Ms. Rosing willfully failed and refused to immediately transfer to KAOH all of Ms. Rosing's right, title and interest to completed and uncompleted services, books, papers, records, emails, plans, specifications, drawings, surveys, databases, schedules, username/password credentials, and all other items produced in connection with the performance of the services by Ms. Rosing.

28. Ms. Rosing continues to fail and refuse to immediately transfer to KAOH all of Ms. Rosing's right, title and interest completed and uncompleted services, books, papers, records, emails, plans, specifications, drawings, surveys, databases, schedules, username/password credentials, and all other items produced in connection with the performance of the services by Ms. Rosing.

29. The materials retained by Ms. Rosing but not yet returned are valuable to KAOH.

30. KAOH has been damaged by the failure to return said materials.

31. KAOH has incurred, and will continue to incur, reasonable attorneys' fees and costs to enforce or preserve its rights under the Contract.

## COUNT II – INJUNCTIVE RELIEF

32. KAOH adopts and incorporates paragraphs 1 – 31 as if fully set forth herein.

33. The contract provides in the event of actual or threatened breach or infringement of KAOH's intellectual property rights in any Confidential Information or Offerings, and in addition to any other remedies available at law or in equity, KAOH may seek immediate injunctive and other equitable relief, without necessity of posting bond, or having to show actual damage or irreparable harm.

34. Ms. Rosing breached the contract by failing to return material after the Contract was terminated.

35. KAOH has no adequate remedy at law to prevent the ongoing deprivation of its property and potential misuse of the same.

36. The harm to KAOH in not granting an injunction outweighs any harm to Ms. Rosing in granting the same.

37. KAOH seeks an injunction ordering Ms. Rosing to return to KAOH completed and uncompleted services, books, papers, records, emails, plans, specifications, drawings, surveys, databases, schedules, username/password credentials, and all other items produced in connection with the performance of the services by Ms. Rosing including its work product.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages, attorneys' fees, costs, other relief available at law, and injunctive relief as is described in greater detail above, and for such other and further relief as the Court deems just and proper in the circumstances.

Electronically Filed - St Louis County - September 19, 2022 - 03:07 PM

Respectfully Submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Kelley F. Farrell*
Kelley F. Farrell, #43027
Aaron E. Schwartz, #58745
8182 Maryland Avenue, Fifteenth Floor
St. Louis, MO 63105
Phone: 314-721-7701
Fax: (314) 721-0554
farrell@capessokol.com
schwartz@capessokol.com

***Attorneys for KAOH Media Enterprises, LLC***